IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – LOWER BUCKS, LLC d/b/a LOWER BUCKS HOSPITAL; PRIME HEALTHCARE SERVICES – ROXBOROUGH, LLC d/b/a ROXBOROUGH MEMORIAL HOSPITAL; and PRIME HEALTHCARE SERVICES – SUBURBAN HOSPITAL, LLC d/b/a SUBURBAN COMMUNITY HOSPITAL, <br> Plaintiffs, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTHCARE OF PENNSYLVANIA, INC.; and DOES 1 through 10, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : No. 23-1313 <br> : <br> : <br> : <br> : <br> : |

**October 19, 2023**                                                                                            **Anita B. Brody, J.**

## Memorandum

Plaintiffs Prime Healthcare Services (collectively "Prime")—hospitals providing services in Pennsylvania—allege that Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of Pennsylvania, Inc. (collectively "Cigna") failed to fully pay for services Prime provided to hundreds of patients enrolled in Cigna health benefit plans. Although Prime's Complaint asserts only state law claims, Cigna removed the state court action to federal court, arguing that the federal Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts at least some claims in the Complaint, and therefore that Prime's state law claims are in fact federal questions for which this court has subject matter jurisdiction under 28 U.S.C. § 1331. On May 5, 2023, Prime filed a Motion to Remand. For the reasons stated below, I will grant Prime's motion and remand the case to state court.

1

I.  **BACKGROUND**

Prime filed this action in the Philadelphia County Court of Common Pleas. Prime alleges that state law requires Prime to provide emergency services to all patients—including Cigna members—who come to Prime emergency departments and also requires Cigna to pay for emergency services rendered to Cigna members by out-of-network providers, including Prime. *See* Complaint, ECF No. 1-1, ¶¶ 4–9, 55–57; *see* Pennsylvania Quality Healthcare Accountability and Protection Act, 40 P.S. §§ 991.2101 *et seq*. The Complaint contends that Cigna failed to pay Prime the amounts owed for the emergency services provided. Compl. ¶ 61. Prime further alleges that Cigna authorized Prime to provide post-stabilization services to its members, but that Cigna failed to pay Prime the amounts owed to them under the parties' agreements. *Id*. ¶ 73. The Complaint asserts Pennsylvania state law claims for breach of implied-in-law contract (related to emergency services); breach of contract (related to post-stabilization services); promissory estoppel; quantum meruit and unjust enrichment; and conversion. *Id*. ¶¶ 55–114.

Prime seeks to avoid federal question subject matter jurisdiction by stating in the Complaint that Prime does "not assert in this lawsuit any causes of action under [ERISA] or any claims for benefits based on an assignment of benefits" and that "Plaintiffs do not seek in this lawsuit to recover for any claims for members covered by self-funded ERISA plans." *Id*. ¶ 10. Prime's Complaint describes a compiled list of hundreds of claims for which Cigna allegedly paid Prime less than the amount owed by law, but Prime did not attach the list to the Complaint because it contains protected health information. *Id*. ¶ 52 n.3. The Complaint states that Prime would provide the list to Cigna, but that at this stage, the list may include claims for which Prime is not seeking to recover. *Id*. The Complaint explains that Prime is "not currently able to determine which, if any, of the claims on the list may be governed by self-funded ERISA plans," but that Prime would

2

remove any claims from the list once it is "able to confirm that the claims are governed by self-funded ERISA plans." *Id*.

On April 5, 2023, Cigna filed a Notice of Removal, removing the state court action to this court. Cigna alleges "upon information and belief" that "one or more of the benefits claims for emergency medical services or post-emergency services for which Prime seeks payment involve Cigna's administration of employer-sponsored plans governed exclusively under ERISA." Notice of Removal, ECF No. 1 at 5. Accordingly, Cigna argues that ERISA's comprehensive civil enforcement mechanism, ERISA § 502(a), completely preempts at least some claims in the Complaint. 29 U.S.C. §1132(a). Cigna asserts that this court has subject matter jurisdiction because Prime's claims present federal questions under 28 U.S.C. § 1331, and this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any of Prime's claims not preempted by ERISA. *Id*. at 9–10.

On May 5, 2023, Prime filed a motion to remand this action to the Philadelphia County Court of Common Pleas. *See* Plaintiffs' Motion to Remand, ECF No. 23. On October 4, 2023, oral argument was held on the motion. *See* ECF No. 36.

II. DISCUSSION

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

3

In its Motion to Remand, Prime argues that this court does not have subject matter jurisdiction because the Complaint only asserts claims under Pennsylvania state law that are not preempted by ERISA. *See* ECF No. 23-1 at 1–2. Prime also contends that Cigna should be assessed fees and costs for removing the case because Cigna lacked an objectively reasonable basis for seeking removal. *Id*. at 18–19.

Because ERISA § 502(a) does not completely preempt Prime's claims, I will grant Prime's motion to remand this case back to state court, but I will deny Prime's request for an award of costs and expenses.

**A. ERISA § 502(a) does not completely preempt Prime's state law claims.**

To determine whether a complaint alleges a federal question, courts are generally guided by the "well-pleaded complaint" rule, wherein federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There exists a "narrow exception" to the well-pleaded complaint rule for instances where Congress "has expressed its intent to completely pre-empt a particular area of law such that any claim that falls within this area is necessarily federal in character." *In re U.S. Healthcare, Inc*., 193 F.3d 151, 160 (3d Cir. 1999) (internal quotation marks omitted). ERISA is one such area of law. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

The Third Circuit distinguishes between "complete" preemption under ERISA § 502(a) and "express" or "ordinary" preemption under § 514(a). *See* 29 U.S.C. §§ 1132(a)(1), 1144. The distinction is important because "[u]nlike ordinary preemption, which would only arise as a federal defense to a state-law claim, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare*, 193 F.3d at 160. Therefore, if ERISA completely preempts a state law claim,

then a defendant may remove to federal court "even if the well-pleaded complaint rule is not satisfied." *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997). Here, because the court's jurisdiction is at issue, I will undertake a § 502(a) inquiry. *See In re U.S. Healthcare*, 193 F.3d at 161.

To determine whether a state law claim is completely preempted (and thus removable) under § 502(a), courts apply the two-pronged test delineated by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), and further discussed by the Third Circuit in *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004). A claim is completely preempted only if (1) the plaintiff could have brought the action under § 502(a), *and* (2) no other independent legal duty supports the plaintiff's claim. *Pascack Valley*, 388 F.3d at 400.[1] The *Pascack Valley* test is conjunctive, so a state law cause of action is preempted only if both prongs of the test are satisfied. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014). As the removing party, Cigna bears the burden of establishing both prongs. *Pascack*, 388 F.3d at 401.

1. ***Prime could not have brought the action under § 502(a).***

If a plaintiff does not have standing to bring a claim under § 502(a), there is no federal subject matter jurisdiction. *See Pascack Valley*, 388 F.3d at 400. Section 502(a) allows a plan

---

[1] Cigna argues for the application of a variation on the *Davila*/*Pascack Valley* test adopted by the Second Circuit in *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321 (2d Cir. 2011) that divides the first prong into two sub-inquiries: (1) whether plaintiff is the type of party who could bring an ERISA claim for benefits, and (2) whether plaintiff's claim could be construed as a colorable claim for ERISA benefits. *See* Defendants' Opposition to Motion to Remand, ECF No. 27 at 7–8; *see Montefiore*, 642 F.3d at 328 ("There is potential for confusion regarding the proper sequence of analysis under *Davila*. . . . [W]e can avoid this confusion by expressly disaggregating the first prong of *Davila*."). This sub-divided version of the test has been applied by other district courts in this Circuit. *See, e.g.*, *Emergency Physicians of St. Clare's v. United Health Care*, No. CIV.A. 14-404 ES MAH, 2014 WL 7404563, at *2 (D.N.J. Dec. 29, 2014). The *Davila*/*Pascack Valley* test controls in this Circuit, however, and thus will be applied here.

"participant"[2] or "beneficiary"[3] to bring a civil action, *inter alia*, "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[4] Prime—a group of hospitals providing services to Cigna-insured patients and others—is neither a "participant" nor a "beneficiary." As a result, Prime does not have standing to pursue relief from Cigna under § 502(a) in its own right.

Healthcare providers like Prime *may* obtain standing to sue under § 502(a) by assignment from an ERISA plan participant. *See Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 236 (3d Cir. 2020) ("[A] valid assignment allows a healthcare provider to stand in the shoes of the 'participant' or 'beneficiary' and thereby to obtain not only the right to benefits due under the plan, but also the capacity to bring suit for non-payment under section 502(a).") But the Complaint makes clear that Prime does "not assert . . . any claims for benefits based on an assignment of benefits." Compl. ¶ 10.

Cigna argues that the fact that Prime explicitly disclaims any attempt to assert the rights of its patients does not end the standing inquiry. Rather, in Cigna's view, the "operative jurisdictional question" is "whether [Prime] *could* obtain the relief they seek by way of assignments from patients whose medical benefits are furnished under ERISA Plans[.]" *See* Defendants' Opposition to Motion to Remand, ECF No. 27 at 11–12 (emphasis added). Specifically, in the Notice of Removal, Cigna identifies four Cigna members whose plans are governed by ERISA for whom

---

[2] A "participant" means "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

[3] A "beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

[4] Section 502(a) provides other causes of action not relevant to this motion. *See* 29 U.S.C. § 1132(a)(2)–(11). Cigna makes no argument that Prime could have brought this action under any other provision of § 502(a).

6

Prime previously submitted a claim to Cigna pursuant to an assignment of benefits for services Prime provided, and Cigna subsequently denied payment. *See* ECF No. 1 ¶¶ 10, 14; ECF No. 27 at 4. Cigna did not establish, however, that any of these four patients' claims are at issue in this present action. *See* Reply in Support of Plaintiffs' Motion to Remand, ECF No. 28 at 2.

Following Prime's Motion for Remand, Cigna made a limited request for documents relevant to the four patients. *See* ECF No. 27 at 5–6; ECF No. 28 at 3. For two of the four patients, Prime states that "neither of those claims is at issue" in this action. ECF No. 28 at 3. For the remaining two, Prime provided Cigna with "Consent for Hospital Treatment and Services" forms, which state that each patient assigned the Hospital "all hospital and insurance benefits otherwise payable to me or for my benefit in connection with my treatment and/or hospitalization." *See* ECF Nos. 27-1, 27-2; ECF No. 28 at 3–4. Despite Prime's assertions that any claims on Prime's initial list that are discovered to be governed by ERISA will not be pursued in this action, nor will Prime pursue any claims pursuant to any assignment, *see* ECF No. 23-1 at 4, Cigna argues that these two forms establish that some of the claims at issue are governed by ERISA and that Prime has received assignments for some of those claims. *See* ECF No. 27 at 8–10. Accordingly, Cigna argues that because at least some of Cigna's alleged non-payment relates to claims covered under ERISA plans for which Prime had assignments of benefits, Prime could have obtained the relief it seeks through assignments and could have brought an action under ERISA. *See* ECF No. 1 ¶¶ 10, 13; ECF No. 27 at 8–12.

Cigna's reasoning is at odds with the fundamental principle that a plaintiff is the "master of its complaint." A plaintiff may choose to plead its claims on the basis of state law claims, in lieu of seeking to recover under an assignment of benefits. *See Emergency Care Services of Pennsylvania, P.C. v. UnitedHealth Group, Inc.*, 515 F. Supp. 3d 298, 310 (E.D. Pa. 2021). Even

7

if Prime had received valid assignments and could have filed suit under ERISA, the mere existence of an assignment does not convert Prime's state law claims into claims to recover benefits under the terms of an ERISA plan. *See id.*; *MHA, LLC v. Empire Healthchoice HMO, Inc.*, Civ. A. No. 17-6391 (SDW), 2018 WL 549641, at *3 n.3 (D.N.J. Jan. 25, 2018) (granting motion to remand and noting that the existence of an assignment does not "alter this Court's analysis, particularly where [plaintiff] has chosen not to bring a claim as an assignee"). Therefore, Prime does not have standing under § 502(a), and could not have brought its claims under § 502(a).

## 2. Prime's claims are premised on legal duties independent of ERISA.

Under the second prong of the *Pascack Valley* test, state law claims are completely preempted by ERISA only if "no other legal duty supports the [plaintiff's] claim." 388 F.3d at 400. The Third Circuit has explained that "a legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *N.J. Carpenters & the Trs. Thereof*, 760 F.3d at 303 (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)). "In other words, if the state law claim is not 'derived from, or conditioned upon' the terms of an ERISA plan, and 'nobody needs to interpret the plan to determine whether that duty exists,' then the duty is independent." *Id.* (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)).

Prime argues that Cigna's payment obligations arise under legal and equitable doctrines that are independent of, and not in any way reliant on, the terms of any ERISA plan. *See* ECF No. 23-1 at 2. Specifically, Prime alleges that Cigna breached duties owed to Prime under an implied-in-law contract to provide emergency services, under an express contract to pay for post-stabilization services, as well as under state law principles of promissory estoppel, quantum meruit and unjust enrichment, and conversion. *Id.* at 13–14, 17 n.6.

8

Cigna argues that Prime's claims are not independent of duties owed under ERISA plans because at least some of Cigna's alleged non-payment relates to claims covered under ERISA plans. *See* ECF No. 27 at 14. Therefore, the amount owed for those claims "cannot be determined without reference to the specific terms in the ERISA Plans." *Id*. Cigna argues that because the terms of applicable ERISA plans would be relevant to calculate what amount, if any, Cigna owes Prime, Cigna's duties to Prime are not independent of ERISA.

Cigna's argument is belied by Third Circuit precedent. In *Pascack Valley*, the Third Circuit concluded that the Plaintiff Hospital's state law breach of contract claims were predicated on a legal duty independent of ERISA, despite the fact that the Hospital's claims were "derived from an ERISA plan, and exist only because of that plan." 388 F.3d at 402 (internal quotation marks omitted). The Third Circuit reasoned that, because the Hospital's "right to recovery, if it exists, depends entirely on the operation of third-party contracts executed by [Defendant welfare benefit plan] that are independent of the [benefit plan] itself," the Defendant's duties arose from those third-party contracts, not from ERISA. *Id*. Similarly, even if some of the services for which Prime seeks payment were services provided to patients covered by ERISA plans—which Prime disputes—the fact that the terms of those ERISA plans would need to be referenced in order to calculate how much Cigna owes does not mean that Cigna's duties arise only out of those ERISA plans. Because Prime's claims are premised on state law duties Cigna owes under theories of contract, quasi-contract, and conversion, no interpretation of any ERISA plan is needed to determine whether those state law duties exist. *See N.J. Carpenters & the Trs. Thereof*, 760 F.3d at 303. Cigna's duties "would exist whether or not an ERISA plan existed," *id.*, and thus Cigna's duties are independent of ERISA.

Accordingly, Prime's claims are not completely preempted because Prime lacks standing to pursue these claims under § 502(a) and because Prime's claims are premised on Cigna's state law duties that are independent of any ERISA plan. Therefore, this court lacks subject matter jurisdiction and removal was improper. I will grant Prime's motion to remand.

### B. Prime's request for costs and expenses

Prime seeks an award of costs and actual expenses, including attorneys' fees, in connection with bringing this motion to remand. *See* ECF No. 23-1 at 18. A court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The district court has broad discretion in determining whether to authorize an award under § 1447(c), and it need not find that removal was in bad faith. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

Prime argues Cigna lacked an objectively reasonable basis for removing the case. *See* ECF No. 23-1 at 18. Cigna removed this case based on assertions that (1) Prime was asserting ERISA claims by assignment when the Complaint expressly established they are not and (2) Prime had no grounds for its claims independent of ERISA. Prime argues that if Cigna "had any doubt about the scope of the claims asserted in the Complaint, they could have requested the claims list from [Prime] *before* removing the case." *Id.* at 18–19; *see Mints*, 99 F.3d at 1260–61 (affirming award of attorneys' fees and costs where defendant removed case based on ERISA but case was not preempted).

While Cigna's arguments for ERISA preemption proved unpersuasive and contrary to the reasoning and holdings of a number of cases from within this Circuit, it is not clear that Cigna

10

"lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. ERISA preemption is a complex area of law. *See Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 147 (3d Cir. 2007) ("It is no secret to judges and lawyers that the courts have struggled with the scope of ERISA preemption."). District courts in this Circuit have repeatedly acknowledged this complexity in declining to grant awards of costs and expenses when remanding cases based on failed ERISA preemption arguments. *See, e.g.*, *Same Day Procs., LLC v. UnitedHealthcare Ins. Co.*, No. CV 21-00956, 2022 WL 807051, at *5 (D.N.J. Mar. 17, 2022); *Emergency Care Servs. of Pennsylvania, P.C. v. UnitedHealth Grp., Inc.*, 515 F. Supp. 3d 298, 311 (E.D. Pa. 2021). It is plausible that Cigna's ERISA preemption arguments were asserted in the belief that they had current legal support, or as part of a good faith argument for an extension of existing law. Therefore, I will deny Prime's request for costs and expenses.

### III. CONCLUSION

For the reasons set forth above, federal question jurisdiction does not exist here and thus cannot provide a basis for removal. Therefore, I will grant Prime's motion to remand this case back to the Philadelphia County Court of Common Pleas, and I will deny Prime's request for costs and expenses.

                                                     s/ANITA B. BRODY, J.
                                                     ANITA B. BRODY, J.